UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>    Defendants. | No.  2:20–cv–0598–TLN–KJN<br><br>ORDER ON MOTION TO COMPEL<br><br>(ECF No. 26) |

  On April 12, 2022, the court held a remote hearing on plaintiff's motion to compel supplemental responses and document production from defendant County of Sacramento for plaintiff's Requests for Production, Set Three ("RFPs"), and Requests for Admission, Set Four ("RFAs"). (ECF No. 26.)  The parties filed a Joint Statement and a Supplemental Joint Statement regarding the present discovery dispute. (ECF Nos. 27, 30.)  At the hearing, Lawrence Bohm and Scott Zienty appeared for plaintiff; Nicole Cahill appeared for the County; and Jennifer Thompson appeared for the other defendants who are not involved in the present dispute.  For the reasons discussed with counsel at the hearing, the court GRANTS IN PART plaintiff's motion.

  As the court ordered before the hearing, the County conducted a search to determine whether any responsive video recordings still exist in its possession, custody, or control.  (ECF Nos. 28, 30 at 2.)  The County represented in the Supplemental Joint Statement and at the hearing that no responsive recordings exist.  Accordingly, the County shall provide amended responses to the RFPs summarizing the nature of its search and stating that no responsive recordings exist in

1

its possession, custody, or control.

Based on the County's representation that no video recordings still exist from the days surrounding the central use-of-force incident, the court presently sees no relevance to plaintiff's RFAs asking whether any videos were "generated" on the dates in question. The court therefore denies plaintiff's motion with respect to the RFAs, without prejudice to renewal on a stronger showing of relevance.[1]

The court also discussed generally with the parties the County's upcoming recently noticed Motion for Protective Order, seeking protection from plaintiff's additional discovery requests on topics overlapping with the present dispute. (ECF No. 32.) Although that motion is not yet before the court, and therefore nothing is being ordered in regard to it, the court offers some guidance in advance. Before the hearing, the County would do well to amend or supplement the applicable responses to inform plaintiff of the dates of the video recordings that Mr. Bryan Benjamin viewed and how those dates were identified. The County would also do well to determine whether the subject recording equipment (camera and microphone) are still in the County's possession, custody, or control—and if so, where and in what condition. On the other side, plaintiff should bear in mind that it is the requesting party's burden to establish the relevance of the desired discovery; and if the only relevance is to demonstrate that misconduct caused the poor video quality, plaintiff will soon need to provide some indication of wrongdoing by the County or its agents to justify all of the time and effort being devoted to this line of discovery.

Should the parties determine through continued meet and confer efforts that the Motion for Protective Order, or some portion of it, would be amenable to resolution through the court's Informal Discovery Conference, they may contact the Courtroom Deputy to arrange an informal conference.

////

---

[1] At minimum, plaintiff would need to explain how answers to these RFAs might lead to discoverable evidence about the quality of the surrounding videos (in focus vs. out of focus) without having access to the videos themselves.

**ORDER**

Accordingly, it is hereby ORDERED THAT:

1. Plaintiff's motion to compel (ECF No. 26) is GRANTED IN PART and DENIED IN PART;
2. Within 14 days of this order, the County of Sacramento shall serve amended responses to plaintiff's Requests for Production Nos. 43-50 summarizing the nature of its search and stating whether any responsive recordings exist in its possession, custody, or control; and
3. Plaintiff's motion to compel amended responses to his Requests for Admission Nos. 53 and 63-68 is denied without prejudice to renewal upon a more robust showing of relevance and necessity.

Dated: April 13, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

will.0598