UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS WILLIAMS,<br><br>       Plaintiff,<br><br>   v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>       Defendants. | No. 2:19-cv-2345-TLN-KJN<br><br>(ECF No. 39.) |
| THOMAS WILLIAMS,<br><br>       Plaintiff,<br><br>   v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>       Defendants. | No. 2:20-cv-598-TLN-KJN<br><br>(ECF No. 43.)<br><br><u>ORDER ON DISCOVERY DISPUTES</u><br><u>(CONSOLIDATED FOR DISCOVERY)</u> |

On January 3, 2023, the parties appeared for a hearing on defendant City of Rancho Cordova's motions to compel.[1] (Case 2:19-cv-2345 "Carlos" at ECF No. 39; Case 2:20-cv-598 "Thomas" at ECF No. 43.) For the reasons discussed at the hearing and as discussed below, the court GRANTS IN PART defendant's motions.

---

[1] On July 15, 2021, the assigned district judge consolidated these cases for purposes of discovery. (ECF No. 23.) Discovery motions are referred to the assigned magistrate judge under Local Rule 302(c)(1). See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

1

**Background and Procedural Posture**[2]

This case arises out of allegations that in March of 2019, police officers with the Rancho Cordova Police Department falsely arrested plaintiffs, Thomas and Carlos Williams, and used excessive force while effectuating the arrest. (See Thomas, ECF No. 45 at 2-3.) In their complaints, plaintiffs each claim as damages (among other things) loss of earnings and lost earning capacity; Thomas also claims emotional distress damages. (See id.) Plaintiffs were and are entrepreneurs, and prior to the incident each earned a substantial portion of their income from their respective businesses. Thomas owned and ran "Sacramento Education Corporation," later merged into "Placer Education Corporation," from at least 2012; and he sold the business in 2019. (See Thomas, ECF No. 45-1 at 24.) Carlos owned and ran an Idaho business "A Better Choice Health Solutions" from 2014 through its sale in 2017. (See Carlos, ECF No. 40-1 at 20.)

During discovery, defendant requested information related to Thomas' and Carlos's past earnings, both through Interrogatories and Requests for Production of Documents. (See Thomas, ECF No. 45 at 2-3; Carlos, ECF No. 40 at 1-2.) Thomas and Carlos disclosed some documents concerning their respective businesses, including their K-1 statements and sale contracts. Additionally, they produced some of their tax documents, including W-2s, 1099s, Schedule C statements, and social security statements, but they did not produce their tax returns in full. (See id.) In addition to these documents, plaintiffs provided Interrogatory responses asserting their total income for each year. (See Thomas, ECF No. 45-1 at 26; Carlos, ECF No. 40-1 at 21.) However, plaintiffs refused to submit all documents requested based on overbreadth and privacy grounds.

**Parties' Arguments**

Defendant Rancho Cordova Police Department now brings the instant motions seeking to compel plaintiffs' full production of documents responsive to plaintiffs' damages claims. (Carlos, ECF No. 39; Thomas, ECF No. 43.) Defendant argues plaintiffs' document productions are incomplete, as the tax and business documents produced do not account for, in some

---

[2] For ease of reading, the court will refer to the plaintiffs by their first names. No over-familiarity or disrespect is intended.

2

instances, thousands of dollars of income as asserted in the Interrogatories. Further, defendant contends that in order to understand each of plaintiffs' claims for loss of earning capacity, defendant needs to have a fuller understanding of the health of these businesses while plaintiffs owned and operated them. Finally, defendant contends that because Thomas put his mental health at issue by claiming emotional distress damages, he should be compelled to turn over documents related to his mental health treatment with a Christopher Stewart (as indicated in Thomas's deposition testimony). Specifically, defendants seek production of plaintiffs' complete tax returns from 2012-present; the Profit and Loss ("P&L") statements and accounting data, or at least the balance sheets, for each of plaintiffs' businesses from 2012-present; and Thomas's outstanding mental health records. (See Thomas, ECF No. 45; Carlos, ECF No. 40.)

Plaintiffs object to disclosing any further tax or business documents noting each has already produced a substantial number of documents supporting their damages claims. Specifically, plaintiffs argue the production of tax documents are complete given that all W-2s, 1099s, Schedule Cs and social security statements in their possession have been produced. Plaintiffs contend that any further production of tax documents would be overly burdensome and would implicate privacy concerns of each plaintiff (as well as the privacy rights of Thomas's wife, given they jointly filed prior returns). As to their businesses, plaintiffs contend all relevant documents have been produced given the production of the K-1 statements (showing each plaintiff's income from their businesses) as well as the sale contracts and related post-sale documents. Plaintiffs contend that having to produce the P&L's and full accounting data for businesses that were sold years prior would be overly burdensome and disproportionate to the needs of the case. Finally, Thomas did not respond in the briefing to defendant's argument regarding the mental health records, but at the hearing agreed the documents should and will be produced. (See Thomas, ECF No. 45; Carlos, ECF No. 40.)

**Legal Standards**

The scope of discovery under Fed. R. Civ. P. 26(b)(1) is broad, although not unlimited. Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at

1  stake in the action . . . and whether the burden or expense of the proposed discovery outweighs its
2  likely benefit." Fed. R. Civ. P. ("Rule") 26(b)(1).  "Information within this scope of discovery
3  need not be admissible in evidence to be discoverable." Id. "Evidence is relevant if: (a) it has
4  any tendency to make a fact more or less probable than it would be without the evidence; and (b)
5  the fact is of consequence in determining the action." Fed. R. Evid. 401.

6       Federal Rule of Civil Procedure 34(a) permits each party to serve the opposing party with
7  document requests within the scope of Rule 26(b).  In responding to a document request, "the
8  response must either state that inspection and related activities will be permitted as requested or
9  state with specificity the grounds for objecting to the request, including the reasons."  Rule
10 34(b)(2)(B).  If a responding party is withholding responsive documents, its objection to the
11 request for those documents must state that responsive documents are being withheld.  Rule
12 34(b)(2)(C).  If a party objects to part of a document request, the objection "must specify the part
13 and permit inspection of the rest." Id.

14      Under Rule 37(a), a party may move for an order compelling disclosure or discovery if "a
15 party fails to produce documents . . . as requested under Rule 34." Rule 37(a)(3)(B)(iv).  "The
16 party seeking to compel discovery has the burden of establishing that its request satisfies the
17 relevancy requirements of Rule 26(b)(1).  The party opposing discovery then has the burden to
18 show the discovery should be prohibited, and the burden of clarifying, explaining or supporting
19 its objections. See Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).  The
20 opposing party carries a "heavy burden" as to why discovery should be denied.  Blankenship v.
21 Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).

22      **Analysis**

23      **A. Thomas's Medical Records**

24      Defendant seeks to compel complete and updated mental health records from Christopher
25 Stewart.  (Thomas, ECF No. 43.)  At the January 3 hearing, plaintiffs' counsel indicated Thomas
26 would fully produce documents responsive to this request.  Accordingly, defendant's motion to
27 compel production of complete, updated records from Christopher Stewart is granted.  If plaintiff
28 is unable to produce documents in accordance with defendant's request, Thomas is ordered to

sign an authorization so defendants may subpoena the records.

### B. Business Records for Thomas's and Carlos's Prior Businesses

Defendant seeks to compel the P&L statements and accounting data, or at least the balance sheets, from 2012-present for Thomas's and Carlos's businesses. As indicated at the hearing, part of Thomas's loss of earning capacity claim is that he could no longer run his businesses because of the injuries sustained during the excessive force incident, requiring him to sell those businesses sometime after 2019. Similarly, Carlos's claim appears predicated on a theory that, but for the incident, he might be running a business in Sacramento similar to the one he ran in Idaho (that he sold in 2017). Plaintiffs' counsel advised the court that Carlos is no longer working. Thomas, however, is currently employed as an education consultant for a friend's company in a business similar to the one he sold in 2019.

Given plaintiff's damages theories, documentation related to the health of the businesses are relevant because plaintiffs' earning capacities are at issue. Simply, if the businesses were successful, this could show a greater loss of potential earnings if plaintiffs are unable to return to those sectors because of the incident. Conversely, if the businesses were flagging, plaintiffs' damages claims would be lessened. Given that these businesses were sold, all parties recognize that such data may not be available to plaintiffs after the sales took place. Further, given proportionality concerns, the court will limit the current production of these documents as follows:

- Carlos shall produce all P&L statements in his possession for his prior business "A Better Choice Health Solutions" from 2015-present (at least through 2017 when the business was sold, and after the sale if in Carlos's possession). Given the amount of money at stake and time period at issue, production of the balance sheets or accounting data for this business is not required at this time, and no documents need be produced for this business prior to 2015.
- Thomas shall produce all P&L statements and all balance sheets in his possession for his businesses "Sacramento Education Corporation," later merged into "Placer Education Corporation," from 2015 to the present (at least through when this business

5

was sold, and after the sale if in Thomas's possession).  For proportionality concerns, all of the accounting data for this business is not required at this time, and no documents need be produced for these businesses prior to 2015.

The proportionality findings are made without prejudice.  If, for example, the P&L and balance sheets provide an incomplete picture of plaintiffs' earning-capacity claims, defendant may renew the motion to compel.  Further, plaintiffs' counsel indicated he did not anticipate his expert's report would reach so deep as to implicate records not being compelled here.  Should defendant seek additional documents at a later date, including in a scenario where expert reports indicate more documents support deeper damages claims, counsel for the parties are highly encouraged to confer over such production before returning to court.

To the extent that plaintiffs have any privacy concerns regarding the production of these documents, the court will entertain modifications to the protective orders already in place, if required.  Therefore, plaintiffs' privacy objections are overruled.

**C. Thomas's and Carlos's Tax Returns**

Finally, defendant seeks to compel Thomas' and Carlos's complete personal tax records. Tax returns are evidence of past income, which is relevant to the issue of lost earnings and earning capacity.  During discovery, Thomas and Carlos disclosed their incomes from 2012-present and produced some tax documents.  (Thomas, ECF No. 45-1; Carlos, ECF No. 40-1.) However, as defendant's counsel indicated at the hearing, the information that each of the parties provided is incomplete, as it does not account for, in some instances, thousands of dollars of income (when compared to plaintiffs' Interrogatory responses).  Counsel for plaintiff indicated at the hearing that each plaintiff had disclosed a portion of their tax returns but could not specifically say what portions were omitted.

For the reasons stated at the hearing, complete tax documents are relevant and proportional to the needs of the cases, as defendants are unable to assess earning losses and capacity without accurate documentation demonstrating income.  See, e.g., Weber v TMG Logistics, 2017 WL 5665847 at *2–3 (E.D. Cal. Nov. 27, 2017), aff'd, 805 F. App'x 463 (9th Cir. 2020) (holding that tax returns are relevant and proportional to the issue of earning capacity).

Plaintiffs' complete tax records are not privileged because plaintiffs relinquished part of their personal tax returns. See Id. (citing Schnabel v. Superior Ct., 5 Cal. 4th 704, 721 (1993) (privilege is waived or does not apply where there is an intentional relinquishment).

In his joint statement, Thomas indicated that his tax returns are joint tax returns, and his spouse is not a party to the litigation. (Thomas, ECF No. 45.) To the extent that plaintiffs have any privacy concerns, the court will entertain modifications to the protective orders already in place, if required. Thus, plaintiffs' privacy objections are overruled. Plaintiffs are each ordered to produce complete tax returns from 2015 to present. However, for proportionality, returns prior to 2015 will not be compelled at this time. This finding is also without prejudice, and as with the business records, counsel are highly encouraged to confer should older documents be required.

**ORDER**

It is HEREBY ORDERED that:

1. Defendant's motions to compel (2:19-cv-2345-TLN-KJN at ECF No. 39; 2:20-cv-598-TLN-KJN at ECF No. 43) are GRANTED IN PART as noted in this order; and
2. Plaintiffs have 30 days[3] to supplement their responses to the outstanding discovery requests.

Dated: January 6, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

SD/RS, will.2345 and will.598

---

[3] The court and parties are aware that fact discovery closes in a matter of days. Counsel are highly encouraged to confer over any scheduling modifications needed and submit a stipulation to the court for review.