1
2
3
4
5
6                    UNITED STATES DISTRICT COURT
7                    EASTERN DISTRICT OF CALIFORNIA
8
9    THOMAS WILLIAMS,                        No. 2:20-cv-00598-TLN-CSK
10                  Plaintiff,
11        v.                                 **ORDER**
12   COUNTY OF SACRAMENTO, et al.,
13                  Defendants.
14
15

16        This matter is before the Court on Defendant[1] County of Sacramento's ("County") Motion

17   for Summary Judgment.  (ECF No. 65.)  Plaintiff[2] Thomas Williams (Plaintiff) filed an

18   opposition.  (ECF No. 68.)  The County filed a reply.  (ECF No. 71.)  For the reasons set forth

19   below, the Court GRANTS the County's Motion for Summary Judgment.

20   ///

21   ///

22   ///

23   _____

24   [1]     The County of Sacramento is the only Defendant who is party to the instant motion for
     summary judgment.  Defendants City of Rancho Cordova, Nathan Daniel ("Daniel"), Joseph
25   Zalec ("Zalec"), and Derek Hutchins ("Hutchins") (collectively, "City Defendants") filed a
     separate motion for summary judgment.  (ECF No. 64.)

26   [2]     Plaintiff's brother, Carlos Williams, filed a separate lawsuit against the County and City
27   Defendants ("Carlos Williams Action").  (No. 2:19-cv-02345-TLN-CSK.)  The Court
     consolidated the instant action with the Carlos Williams Action for discovery purposes only.
28   (ECF No. 23.)

                                    1

1        **I.     FACTUAL AND PROCEDURAL BACKGROUND**

2            The Court need not recount all background facts, as they are fully set forth in the Court's

3    November 12, 2024 Order, resolving City Defendants' motion for summary judgment.  (ECF No.

4    74.)  In short, this case concerns Plaintiff's interactions with Rancho Cordova Police Department

5    deputies on March 23, 2019, when the deputies allegedly unlawfully detained, arrested, and

6    assaulted Plaintiff after a neighbor mistakenly believed Plaintiff was burglarizing his brother's

7    home.  (ECF No. 1.)

8            On March 18, 2020, Plaintiff initiated this action against the County and City Defendants.

9    (ECF No. 1.)  In his Complaint, Plaintiff alleges the following eight causes of action: (1) a 42

10   U.S.C. § 1983 ("§ 1983") claim for excessive force in violation of the Fourth Amendment; (2) a §

11   1983 claim for unlawful detention and false arrest in violation of the Fourth Amendment; (3)

12   assault and battery; (4) false arrest/false imprisonment; (5) negligence; (6) violation of the

13   California Tom Bane Civil Rights Act ("Bane Act"); (7) intrusion into private affairs; and (8)

14   intentional infliction of emotional distress ("IIED").  (*Id.*)  Plaintiff also alleges *Monell* liability

15   claims under § 1983 against all Defendants.  (*Id.* at 9, 11.)   On December 7, 2023, the County

16   filed the instant motion summary judgment.  (ECF No. 64.)

17       **II.    STANDARD OF LAW**

18           Summary judgment is appropriate when the moving party demonstrates no genuine issue

19   of any material fact exists and the moving party is entitled to judgment as a matter of law.  Fed.

20   R. Civ. P. 56(a)*; Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  Under summary

21   judgment practice, the moving party always bears the initial responsibility of informing the

22   district court of the basis of its motion, and identifying those portions of "the pleadings,

23   depositions, answers to interrogatories, and admissions on file together with affidavits, if any,"

24   which it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v.*

25   *Catrett*, 477 U.S. 317, 323 (1986).  "[W]here the nonmoving party will bear the burden of proof

26   at trial on a dispositive issue, a summary judgment motion may properly be made in reliance

27   solely on the pleadings, depositions, answers to interrogatories, and admissions on file."  *Id.* at

28   324 (internal quotation marks omitted).  Indeed, summary judgment should be entered against a

2

party who does not make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(c). The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, *Anderson v. Defendant Lobby, Inc.*, 477 U.S. 242, 248 (1986), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id*. at 251–52.

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *First Nat'l Bank of Ariz.*, 391 U.S. at 288–89. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. Co.*, 475 U.S. at 587 (quoting Rule 56(e) advisory committee's note on 1963 amendments).

In resolving the motion, the Court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with any applicable affidavits. Fed. R. Civ. P. 56(c); *SEC v. Seaboard Corp.*, 677 F.2d 1301, 1305–06 (9th Cir. 1982). The opposing party's evidence is to be believed and all reasonable inferences that may be drawn from the facts pleaded before the court must be drawn in favor of the opposing party. *Anderson*, 477 U.S. at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. *Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987). Finally,

1    to demonstrate a genuine issue that necessitates a jury trial, the opposing party "must do more

2    than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita*

3    *Elec. Indus. Co.*, 475 U.S. at 586.  "Where the record taken as a whole could not lead a rational

4    trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  *Id*. at 587.

5    **III.    ANALYSIS**

6          In moving for summary judgment, the County argues: (1) Plaintiff cannot maintain its

7    federal claims against the County because Plaintiff has not sufficiently alleged a *Monell* theory of

8    liability against the County; and (2) Plaintiff's state law claims are procedurally barred because

9    Plaintiff failed to comply with the requirements of the Government Claims Act.  (ECF No. 65-1.)

10   The Court will address each of the County's arguments in turn.

11         A.    *Monell* Liability

12         In Claims One and Two, Plaintiff alleges the County is liable under *Monell v. Dep't of*

13   *Social Services of the City of N.Y.*, 436 U.S. 658 (1978), because it "maintained customs, policies,

14   or practices that allowed and caused" violations of Plaintiff's Fourth Amendment rights.  (ECF

15   No. 1 at 9–11.)

16         Under Ninth Circuit precedent, a plaintiff may recover under *Monell* based on one of three

17   theories of liability.  *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1249–50 (9th Cir. 2010),

18   *overruled on other grounds by Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir.

19   2016).  First, "a local government may be held liable 'when implementation of its official policies

20   or established customs inflicts the constitutional injury.'"  *Id*. at 1249 (quoting *Monell*, 436 U.S.

21   at 708).  Second, "under certain circumstances, a local government may be held liable under §

22   1983 for acts of omission, when such omissions amount to the local government's own official

23   policy."  *Id*. (internal quotation marks omitted).  Third, "a local government may be held liable

24   under § 1983 when the individual who committed the constitutional tort was an official with final

25   policy-making authority or such an official ratified a subordinate's unconstitutional decision or

26   action and the basis for it."  *Id*. at 1250 (internal quotation marks omitted).

27         The County moves for summary judgment as to Claims One and Two, arguing Plaintiff's

28   *Monell* claims fail as a matter of law because Plaintiff has not adequately pleaded a *Monell* theory

1   against the County and this Court already found that virtually identical allegations failed to

2   adequately state a claim in the Carlos Williams Action.  (ECF No. 65-1 at 5 (citing No. 2:19-cv-

3   02345-TLN-KJN, ECF No. 26 at 7).)  In opposition, Plaintiff contends that he "discovered

4   substantial evidence of a *ratification* theory of *Monell* liability" and that he can clarify this claim

5   via amendment.  (ECF No. 68 at 10 (emphasis in original).)  Plaintiff also contends he has raised

6   triable issues of material fact regarding whether an official with final policy-making authority

7   ratified Daniel, Zalec, and Hutchins's unconstitutional use of excessive force.[3]  (*Id.* at 10–11.)  In

8   reply, the County asserts that Plaintiff opted not to amend his Complaint despite his counsel's

9   knowledge that the allegations were insufficient and allowing Plaintiff to allege ratification — an

10  entirely different theory of liability from his current *Monell* claims based on customs, policies,

11  and practices — is prejudicial.  (ECF No. 71 at 5–6.)  The County also asserts that amendment is

12  futile because Plaintiff does not identify "what particular conduct is at issue, identify who the

13  policymaker is, or how this individual purportedly ratified the mystery conduct."  (*Id.* at 6.)

14         First, with respect to Plaintiff's *Monell* claim based on a customs, policies, or practices

15  theory, he acknowledges that this is the theory of liability pleaded in his Complaint (*see* ECF No.

16  68 at 10), but he does not address the merits of this theory in his opposition.  The Court thus

17  considers Plaintiff's *Monell* claim based on a customs, policies, or practices theory abandoned.

18  *See Jenkins v. Cnty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (party abandoned claim

19  by not raising it in their opposition).

20         Second, with respect to a *Monell* claim based on a ratification theory, City Defendants

21  also raised this same issue in their motion for summary judgment.  (*See* ECF No. 72 at 5.)  In

22  resolving their motion for summary judgment, the Court found that City Defendants were entitled

23  to summary judgment on Plaintiff's *Monell* claims against the City of Rancho Cordova because

24  Plaintiff did not present a ratification theory of liability in his Complaint, rendering it unavailable

---

[3]       In several locations in his opposition, Plaintiff redacts certain information, presumably
under the parties' stipulated protective order.  (*See* ECF No. 22.)  In the instant matter, the
redacted information was unnecessary to resolve the instant motion.  However, counsel for
Plaintiff is advised that should they want to file briefing with redactions with the Court in the
future, counsel must seek a request to seal.  After the Court grants the request to seal, counsel can
file a public version with redactions and file an unredacted version under seal.

at the summary judgment stage.  The Court adopts that same reasoning in resolving the County's motion for summary judgment.

Plaintiff "may not effectively amend [his] Complaint by raising a new theory . . . in [his] response to a motion for summary judgment."  *La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*, 624 F.3d 1083, 1089 (9th Cir. 2010) ("*City of Lake Forest*").  The Court finds Plaintiff's ratification theory of liability is a new theory of liability because Plaintiff did not make any allegations regarding a ratification liability theory or include any allegations against an official with final policy making authority in his Complaint.  (*See* ECF No. 1.)  Moreover, there is no indication from Plaintiff's arguments that, at any time prior to summary judgment, he made known to the County that he was pursuing a ratification theory of liability.  As the Ninth Circuit explained in *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000), to allow Plaintiff to proceed with a legal theory after the close of discovery that was not previously pleaded would prejudice the defendant who would not be "on notice of the evidence it needs to adduce in order to defend against the plaintiff's allegations."  "Simply put, summary judgment is not a procedural second chance to flesh out inadequate pleadings."  *Wasco Products, Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006) (internal citation omitted); *Caldwell v. City of San Francisco*, No. 12-CV-01892-DMR, 2020 WL 7643124 (N.D. Cal. Dec. 23, 2020) (finding on a motion for summary judgment that plaintiff may not rely on theories of *Monell* liability that were not pleaded in the operative complaint).  Thus, because the County did not have notice that Plaintiff would pursue a ratification theory of liability at the summary judgment stage, the Court finds Plaintiff may not proceed on his ratification theory of liability at this juncture.

Based on the foregoing, the Court therefore finds Plaintiff's *Monell* claims against the County fails as a matter of law.  Accordingly, the Court GRANTS the County's motion for summary judgment as to Plaintiff's *Monell* claims (Claims One and Two) against the County.

## B.     State Law Claims

The County argues Plaintiff's state law claims (Claims Three through Eight) against the County are barred because he did not file a government tort claim with the County that complied with the Government Claims Act prior to initiating the instant action.  (ECF No. 65-1 at 5–6.)  In

6

1  opposition, Plaintiff argues he substantially complied with the Government Claims Act by filing a

2  claim with the Rancho Cordova Police Department ("RCPD") because it is a "division" of the

3  Sacramento County Sheriff's Department.  (ECF No. 68 at 7–9.)  Plaintiff argues in the

4  alternative that he attempted to file a claim with the County, but erroneously filed a citizen

5  complaint with the Sacramento County Sheriff's Department.  (*Id.* at 9.)  The Court will address

6  each of Plaintiff's arguments in turn.

7                           *i.    Plaintiff's Claim with Rancho Cordova*

8            The County argues Plaintiff's state law claims (Claims Three through Eight) against the

9  County are barred because he did not file a government tort claim with the County that complied

10  with the Government Claims Act prior to initiating the instant action.  (ECF No. 65-1 at 5–6.)  In

11  opposition, Plaintiff argues he substantially complied with the Government Claims Act by filing a

12  claim with the Rancho Cordova Police Department ("RCPD") because it is a "division" of the

13  Sacramento County Sheriff's Department.  (ECF No. 68 at 7–9.)  In reply, the County argues

14  Plaintiff's Government Tort Claim does not constitute compliance because Plaintiff presented his

15  claim to the City of Rancho Cordova, not the County.  (ECF No. 71 at 2–3.)

16            Under the California Government Claims Act (the "Government Claims Act"), no suit for

17  damages may be brought against a public entity until a written claim has been presented to it and

18  either acted upon or rejected.  Cal. Gov't Code § 945.4.  "Compliance with the claims statutes is

19  mandatory . . . and failure to file a claim is fatal to the cause of action."  *City of San Jose v.*

20  *Superior Ct.*, 12 Cal. 3d 447, 454 (1974) (citations omitted).  The purpose of the presentation

21  requirement is not to prevent surprise, but rather "to provide the public entity sufficient

22  information to enable it to adequately investigate claims and to settle them," avoiding litigation

23  costs.  *Cal. Rest. Mgmt. Sys. v. City of San Diego*, 195 Cal. App. 4th 1581, 1598 (2011).

24  "[F]ailure to timely present a claim for money or damages to a public entity bars a plaintiff from

25  filing a lawsuit against that entity."  *State of California v. Superior Ct.*, 32 Cal. 4th 1234, 1239

26  (2004).

27            Section 915(a) of the Government Claims Act sets forth the procedures for claim

28  presentation to a local public entity.  Cal. Gov't Code § 915(a).  Specifically, § 915(a) requires

                                                    7

that a claim be presented to a local public entity by "delivering it to the clerk, secretary or

auditor" or by mailing it to one of these officials "or to the governing body at its principal office."

*Id*.  Section 915(e) provides that a claim shall be deemed to have presented in compliance with

the Government Claims Act even if it is not delivered or mailed as required by this section if

certain exceptions apply.  *Id*. at § 915(e).  Relevant here, one of these exceptions includes

whether the claim "is actually received by the clerk, secretary, auditor, or board of the local

public entity." *Id*.

        As explained by the California Supreme Court:

> Section 915(a)(1) reflects the Legislature's intent to precisely
> identify those who may receive claims on behalf of a local public
> entity.  Section 915(e)(1) reflects the Legislature's intent that a
> misdirected claim will satisfy the presentation requirement if the
> claim is "actually received" by a statutorily designated recipient.
> Thus, compliance with [§] 915(e)(1) requires actual receipt of the
> misdirected claim by one of the designated recipients.  If an
> appropriate public employee or board never receives the claim, an
> undelivered or misdirected claim fails to comply with the statute.
> This straightforward construction honors the statutory language and
> is consistent with the purpose of the claim's statutes.

*DiCampli–Mintz v. County of Santa Clara*, 55 Cal.4th 983, 992–93 (2012).  Even where the

public entity has actual knowledge of the facts that may support the claim, a claim is barred when

the filing provision is not followed.  *Id*. at 989–91.  Thus, a misdirected claim will only satisfy the

statute if a statutorily designated recipient listed in § 915 receives it.  If the appropriate clerk,

secretary, auditor, or governing body "never receives the claim, an undirected or misdirected

claim fails to comply with the statute." *Jefferson v. City of Fremont*, No. C-12-0926 EMC, 2013

WL 1747917, at *8 (N.D. Cal. Apr. 23, 2013); *see also Wilhite v. City of Bakersfield*, No. 1:11-

CV-1692 AWI JLT, 2012 WL 273088, at *5 (E.D. Cal. Jan. 30, 2012) ("[S]ubstantial compliance

with § 915 requires that a misdirected claim be 'actually received' by the appropriate person or

board within the time prescribed for presentation of such a claim.").

        Here, Plaintiff submitted his claim to the City Clerk of Rancho Cordova (not RCPD).

(ECF No. 68-3 at 9.)  There is no evidence that Plaintiff sent his claim to the County's clerk,

secretary, auditor, or governing board.  (ECF No. 68-2 at 2.)  Nor is there any evidence that one

1   of § 915's statutorily designated recipients within the County received Plaintiff's Government

2   Tort Claim.  Thus, the Court finds Plaintiff cannot claim either substantial compliance with §

3   915(a)'s presentation requirements or even compliance as permitted by § 915(e)'s exception

4   outlined above.  Plaintiff does not cite to *any supporting law* for his contention that the RCPD is a

5   "division" of the Sacramento County Sheriff's Department because it has a contract with the City

6   of Rancho Cordova to handle and respond to "complaints regarding law enforcement services,"

7   Sheriff's Department procedures are used to process citizen complaints, and the County agreed to

8   indemnify the City from and against "any loss, damages, claim or liability whatsoever based or

9   asserted upon any act or omission of [the] County or its officers, agents, [and] employees[.]"

10  (ECF No. 68 at 7–9.)  The Court finds these statements alone are insufficient to establish that the

11  County should be treated as the same entity or municipality as the City of Rancho Cordova.

12          Further, Plaintiff's reliance on *Elias v. San Bernardino Cnty. Flood Control Dist.* to

13  support his position that he complied with the requirements of § 915(a) is unpersuasive.  68 Cal.

14  App. 3d 70 (1977).  Specifically, in *Elias*, the court found that where multiple government entities

15  share the same governing body, a claim against the subordinate entity that is delivered to the

16  governing body constitutes substantial compliance with § 915(a)'s requirements.  (*Id.* at 75–76.)

17  However, that is not the case here.  While Plaintiff has presented evidence that the Sacramento

18  County Sheriff's Department provides staffing services to the Rancho County Police Department

19  (ECF No. 68-3 at 10–72), Plaintiff has not presented any evidence that the City of Rancho

20  Cordova and the County share a governing body.  The County is correct that Plaintiff "may not

21  demonstrate substantial compliance by presenting a claim to the wrong entity."  (ECF No. 71 at 2

22  (citing *Atteberry v. Placer County*, No. 2:08-cv-01778 JAM JFM, 2009 WL 700425 (E.D. Cal.

23  Mar. 11, 2009); *Santee v. Santa Clara Cnty. Office of Educ.*, 220 Cal. App. 3d 702, 713 (1990)

24  (substantial compliance doctrine inapplicable where claim presented to wrong entity)).)

25                  ii.     *Plaintiff's Citizen Complaint with the Sacramento County Sheriff's*

26                          *Department*

27          In the alternative, Plaintiff argues he substantially complied with the Government Claims

28  Act's filing requirements by filing a citizen complaint with the Internal Affairs Division of the

Sacramento County Sheriff's Office on August 5, 2019.  (ECF No. 68 at 9–10.)  The County

argues Plaintiff's citizen complaint does not constitute a claim because it "fails to identify any

monetary claim pursuant to Government Code § 910(f)" and does not "indicate that a lawsuit

would be filed if a specific action was not taken by the County."  (ECF No. 71 at 4.)

California Government Code § 910 requires that a claim presented to a public entity

include the following information:

> (a) The name and post office address of the claimant.
>
> (b) The post office address to which the person presenting the claim desires notices to be sent.
>
> (c) The date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted.
>
> (d) A general description of the indebtedness, obligation, injury, damage or loss incurred so far as it may be known at the time of presentation of the claim.
>
> (e) The name or names of the public employee or employees causing the injury, damage, or loss, if known.
>
> (f) The amount claimed if it totals less than ten thousand dollars ($10,000) as of the date of presentation of the claim, including the estimated amount of any prospective injury, damage, or loss, insofar as it may be known at the time of the presentation of the claim, together with the basis of computation of the amount claimed. If the amount claimed exceeds ten thousand dollars ($10,000), no dollar amount shall be included in the claim. However, it shall indicate whether the claim would be a limited civil case.

Cal. Gov't Code § 910.

California law makes clear that a claim need not strictly comply with § 910 to be

considered a valid claim.  *See State of California v. Superior Ct.*, 32 Cal. 4th 1234, 1245 (2004)

(noting that "a plaintiff need not allege strict compliance with the statutory claim presentation

requirement").  Rather, substantial compliance is sufficient.  *See Dilts v. Cantua Elem. Sch. Dist.*,

189 Cal. App. 3d 27, 33, (1987) ("[C]ourts employ the test of substantial compliance rather than

strict compliance in deciding whether a plaintiff has met the requirements of the [Government]

Claims Act.").  "Substantial compliance contemplates that there is at least *some* compliance with

*all* of the statutory requirements."  *Del Real v. City of Riverside*, 95 Cal. App. 4th 761, 769 (Cal.

1 | Ct. App. 2002) (emphasis added).  "The doctrine of substantial compliance, however, cannot cure

2 | total omission of an essential element from the claim or remedy a plaintiff's failure to comply

3 | meaningfully with the statute."  *Loehr v. Ventura Cnty. Comm. Coll. Dist.*, 147 Cal. App. 3d

4 | 1071, 1083 (1983).

5 |         In any event, "[a] claim that fails to substantially comply with [§§] 910 and 910.2 may

6 | still be considered a 'claim as presented' if it puts the public entity on notice both that the

7 | claimant is attempting to file a valid claim and that litigation will result if the matter is not

8 | resolved."  *Del Real*, 95 Cal. App. 4th at 769.  To constitute a "claim as presented," "the content

9 | of the correspondence to the recipient entity must at least be of such nature as to make it readily

10 | discernible by the entity that the intended purpose thereof is to convey the assertion of a

11 | compensable claim against the entity which, if not otherwise satisfied, will result in litigation."

12 | *Green v. State Ctr. Cmty. Coll. Dist.*, 34 Cal. App. 4th 1348, 1358 (1995).

13 |         In the instant case, the Court finds Plaintiff's citizen complaint neither substantially

14 | complies with § 910's requirements nor constitutes a "claim as presented."  Specifically, the

15 | citizen complaint does not comply with § 910(f), as it does not state whether the claim totals less

16 | than $10,000 or whether the claim would be a limited civil case.  (*See* ECF No. 68-3 at 76.)  In

17 | fact, the citizen complaint does not include a claim for money damages nor is there even an

18 | estimate of the amount of any prospective injury, damage, or loss.  (*Id*.)  Instead, the citizen

19 | complaint merely describes what Plaintiff alleges happened on the night of his arrest.  (*Id*.)  Thus,

20 | without a claim for money damages or even an estimation of possible damages, the Court finds

21 | Plaintiff's citizen complaint does not satisfy substantial compliance with § 910's requirements.

22 | *See Loehr*, 147 Cal. App. 3d at 1082-84 (1983) (concluding that letter failed to satisfy the test for

23 | substantial compliance, where it did not include a claim for money damages or even an estimate

24 | of the amount of any prospective injury, damage or loss); *see also Stampfli v. Susanville Sanitary*

25 | *Dist.*, No. 220CV01566WBSDMC, 2021 WL 5867554 (E.D. Cal. Dec. 10, 2021) (finding

26 | plaintiff's letter did not comply with the Government Claims Act because it did not "indicate

27 | plaintiff sought monetary compensation").

28 |         Moreover, the Court finds there is nothing in Plaintiff's citizen complaint to constitute a

1    "claim as presented." *Del Real*, 95 Cal. App. 4th at 769.  Nothing in the citizen complaint

2    threatens litigation or even implies that litigation will follow if the parties cannot resolve the

3    dispute. *See Olson v. Manhattan Beach Unified Sch. Dist.*, 17 Cal. App. 5th 1052, 1062 (2017)

4    (concluding that a grievance was not a claim as presented because, "at best, the grievance

5    describes a breach of contract claim involving the 'evaluative process,' but nowhere does the

6    grievance threaten litigation if the contractual breaches are not remedied"); *La v. San Mateo Cnty.*

7    *Transit Dist.*, No. 14-cv-01768-WHO, 2014 WL 6682476, at *6 (N.D. Cal. Nov. 25, 2014) ("At

8    no point during the course of this correspondence did La convey to SamTrans, either explicitly or

9    implicitly, that a claim for monetary damages exists and that litigation may ensue, or that a claim

10   is ripe and that litigation can be expected if the matter is not resolved." (internal citations and

11   quotations omitted)).  Thus, the Court finds the Plaintiff's citizen complaint does not constitute a

12   "claim as presented" because it did not provide the County with notice that Plaintiff was

13   attempting to file a valid claim and that litigation will result if the County does not resolve his

14   claims.

15        As neither the claim filed with the City of Rancho Cordova nor the citizen complaint

16   Plaintiff filed with the Sacramento County Sheriff's Department complied with the Government

17   Claim Act's requirements or procedures, the Court finds Plaintiff is precluded from bringing his

18   state law claims against the County.  Accordingly, the Court GRANTS the County's motion for

19   summary judgment as to Plaintiff's state law claims (Claims Three through Eight).

20        **IV.    CONCLUSION**

21        For the reasons set forth above, the Court GRANTS the County's Motion for Summary

22   Judgment.  (ECF No. 65.)  The Clerk of Court is directed to enter judgment and dismiss the

23   County from this action.

24        IT IS SO ORDERED.

25   December 5, 2024

26

27   _____

28   TROY L. NUNLEY
     CHIEF UNITED STATES DISTRICT JUDGE